## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cr-10059 |
| ) | |
| CHARLES A. HEWITT, ) | |
| ) | |
| Defendant. ) | |

## ORDER & OPINION

This matter is before the Court on Defendant Charles A. Hewitt's request for compassionate release. (Dkts. 78, 94). The Government has responded (dkt. 96) and Probation has filed a recommendation at the Court's direction (dkt. 95). For the following reasons, the Motion is denied.

### BACKGROUND

In 2020, Defendant was sentenced to 420 months' imprisonment (dkt. 48 at 2) after pleading guilty to enticement of a minor in violation of 18 U.S.C. § 2422(b), a charge subject to the enhanced penalties set forth in 18 U.S.C. § 2260A (dkt. 48 at 1). Defendant is currently projected to be released on July 15, 2048. (Dkt. 95 at 1).

This motion for compassionate release arises from the ongoing COVID-19 pandemic. (Dkt. 94). Defendant is incarcerated at Federal Correctional Institute (FCI) Greenville (dkt. 96 at 6), where there are currently no active COVID-19 cases among the inmate population, no active cases among staff, and no reported inmate deaths; 683 inmates and 78 staff members were previously infected and have

recovered. *COVID-19*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 28, 2021).[1] COVID-19 vaccines are being administered at FCI Greenville; so far, 773 of 1,201 total inmates have been fully inoculated. *COVID-19*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 1, 2021).[2]

## LEGAL STANDARD

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to ask the sentencing court for compassionate release. Pub. L. No. 115-391 § 603(b), 132 Stat. 5194, 5239. The decision whether to grant compassionate release is within a district judge's discretion, the standard for which is set by § 3582(c)(1)(A). *United*

---

[1] The BOP website contains the following disclosure:
> These data are compiled from a variety of sources and reviewed by BOP Health Services staff before documented for reporting. **Not all tests are conducted by and/or reported to BOP.** The number of positive tests at a facility is not equal to the number of cases, as one person may be tested more than once. The number of tests recorded per site reflects the number of persons currently in BOP custody at the facility who have been tested, whether at the site or at a prior facility.

*COVID-19*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 28, 2021) (emphasis in original). The website further indicates there have been 1,202 COVID-19 tests conducted at FCI Greenville, 0 are pending, and there have been a total of 646 positive tests. *Id.*

[2] The BOP website contains the following information about vaccine data:
> The information in this area of the resource page is updated each weekday at 3:00pm EDT. It is compiled from a variety of sources and reviewed by BOP Health Services staff before documented for reporting. The locations in the table below have received allocations of the vaccine. The numbers in the table only reflect staff and inmates that are fully inoculated [they have received both doses of the Pfizer-BioNTech or Moderna vaccine or they have received the single-dose Janssen (Johnson & Johnson) vaccine].

*COVID-19*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 1, 2021).

*States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). Under the statute, there are three requirements.

First, a defendant may not bring a compassionate release motion until either (a) the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (b) 30 days lapse "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). To properly exhaust, the defendant must have "present[ed] the same or similar ground for compassionate release in a request to the Bureau as in [the] motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). This administrative exhaustion requirement, though not a jurisdictional prerequisite, is a mandatory claims-processing rule that must be enforced when properly invoked. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

Second, the defendant must either be at least 70 years of age and have served 30 years of the sentence for which the defendant is currently imprisoned, § 3582(c)(1)(A)(ii), or demonstrate "extraordinary and compelling reasons" for release consistent with any applicable policy statement issued by the United States Sentencing Commission, § 3582(c)(1)(A)(i). The only relevant policy statement, U.S.S.G. § 1B1.13, is outdated and not currently binding on district judges, but it provides a "working definition of 'extraordinary and compelling reasons' " that can "guide [judicial] discretion without being conclusive." *Gunn*, 980 F.3d at 1180. Subsections (A)–(C) of the Application Note to § 1B1.13 enumerate three specific

3

circumstances that qualify as "extraordinary and compelling reasons": (A) diagnosis of a terminal illness or serious condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence; or (C) "death or incapacitation of the caregiver of the defendant's minor child" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." § 1B1.13, Application Note 1(D).

Third, the Court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A).

## DISCUSSION

Defendant seemingly admits he has not satisfied the administrative exhaustion requirement and instead argues this Court should waive the exhaustion requirement in accordance with *United States v. Coles*, No. 00-CR-20051, 2020 WL 1976296, at *5 (C.D. Ill. Apr. 24, 2020). (Dkt. 94 at 6–7). However, *Coles* was abrogated in all relevant aspects by *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021), which held the exhaustion requirement "is a mandatory, claims-processing rule and therefore must be enforced when properly invoked." As the Government has properly invoked the exhaustion requirement here, the Court must

4

enforce it and conclude, based on the instant evidence, that Defendant has not met the § 3582(c)(1)(A) exhaustion requirement and his motion must therefore be denied.

## Conclusion

For the foregoing reasons, Defendant's request for compassionate release (dkts. 78, 94) is DENIED.

SO ORDERED. CASE TERMINATED.

Entered this 2nd day of June 2021.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
