# UNITED STATES DISTRICT COURT
# FOR THE
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| Plaintiffs, ) | |
| vs. ) | Docket No. 18-10059 |
| **CHARLES A. HEWITT,** ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW

NOW COMES the Defendant, CHARLES A. HEWITT, by and through his attorney, SPENCER LEE DANIELS, and for his Memorandum of Law, states as follows:

The Defendant, through his attorney, Spencer Lee Daniels filed an Amended Motion for Section 2255 Relief requesting the Court to grant an Evidentiary Hearing on said Motion. This Memorandum is for the purposes of informing the Court that an Evidentiary Hearing on said Motion is absolutely necessary for these issues to be resolved.

The first issue is whether or not the actual Amended Motion for Relief was filed timely. It is clear from the case law that the Court must hold an Evidentiary Hearing to determine whether the original Motion was filed timely due to the alleged allegations that indicated that prior counsel should have filed a Motion for Habeas Corpus for said Defendant in a timely basis. The original Motion to request a 2255 hearing was filed by the Defendant *Pro Se* and was amended by Attorney Spencer Lee Daniels. In said Motion, the Defendant specifies that his certain constitutional rights were violated specifically because defense counsel never filed a 2255 Motion on his behalf in a timely manner; therefore, the Court should determine that the statute is tolled. The case law is quite clear that the 1-year statute to file a 2255 Motion is not etched in stone. The Motion would be barred unless the Defendant can show that the equitable tolling is warranted in this case. ***United States v. Griffin***, 58 F.Supp.2d 870 (N.D. Ill. 1999). The equitable tolling deals with the ineffective

assistance of counsel in not filing a timely 2255 Motion. It is clear that the doctrine of equitable tolling permits a Defendant to avoid the bar of the statute of limitations, if despite all due diligence the Defendant is unable to obtain vital information bearing on the existence of the claims. He must show the exercise of reasonable diligence in investigating and bringing said claims. The 1-year statute is not jurisdictional, but procedural, and is subject to equitable tolling. The Court must hold an Evidentiary Hearing whether or not equitable tolling applies in this case. Also, the case law is clear that the extraordinary circumstances must apply for the Court to grant said equitable tolling issue on behalf of said Defendant.

The second issue is whether or not the Court should hold an Evidentiary Hearing on the issues presented by the Defendant in this case. It is clear that the Defendant is arguing substantial ineffective assistance of counsel in regard to his plea that occurred. It is his contention in the original Motion and the Amended Motion for Relief that his counsel failed to investigate said case; failed to file motions in said case; and failed to advise the Defendant properly as to what his potential sentence would be if he did not plead guilty. It is clear that his lawyers, in not investigating and not properly pursuing any type of defense in the case, caused him to plead guilty. It is his belief that because of the ineffective assistance of counsel that he could not have received any greater sentence if he went to trial or the potential filing of additional charges. Therefore, the plea was not knowingly given by said Defendant since he had not knowingly pled guilty to a charge in which he could not receive a greater sentence if he had effective assistance of counsel. These issues can only be resolved by an Evidentiary Hearing to determine whether or not the plea was knowingly, and whether or not the ineffective assistance of counsel in not investigating said additional charges created a constitutional issue for said Defendant. In *Strickland v. Washington*, 466 U.S. 668 (1984), one must show prejudice by the ineffective assistance of counsel and also, Defendant must

demonstrate a reasonable probability that he would have not accepted the offer if his counsel was not ineffective. In *Lechuga v. United States*, 15 F.Supp.3d 788 (N.D. Ill. 2014), the Court had similar issues that were raised by the Defendant in this case. Specifically, the Court made a ruling that the Defendant was entitled to an Evidentiary Hearing on said issues. The issues in this case again deals with whether or not there are constitutional issues presented by the Defendant that because of his ineffective assistance of counsel that said plea was not knowingly made and specifically that he did not give up any future additional sentence if he had not pled guilty due to the ineffective assistance of counsel. Again, the burden of proof is very strong against the Defendant; however, he has a right to have an Evidentiary Hearing for this Court to make a specific determination that his counsel originally did not investigate and/or did not inform the Defendant that the new charges could not result in an additional sentence. Basically, the argument of the Defendant is that he did not give up any future additional sentence that he could have received due to the ineffective assistance of counsel by failing to object to any additional charges to be presented by the U.S. Attorney and that he was not constitutionally able to receive any additional sentence that he could have received due to the ineffective assistance of counsel.

WHEREFORE, the Defendant requests this Court to grant said Evidentiary Hearing to allow the Defendant to present said claims in front of this Court for violation of his constitutional rights.

Respectfully submitted,

By: **/s/ Spencer Lee Daniels**
SPENCER LEE DANIELS

Attorney for Defendant:
SPENCER LEE DANIELS
411 Hamilton Boulevard, Suite 1708
Peoria, Illinois 61602
Telephone: (309) 673-1400
Facsimile: (309) 673-3960
Email: danielslaw@sbcglobal.net

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause via Electronic Mail to each of the attorneys of record herein at their respective address as disclosed on October 13, 2022.

Katherine Legge
Assistant United States Attorney
One Technology Plaza
211 Fulton, Suite 400
Peoria, Illinois 61602


**/s/ Jessica A. Ekena**
Jessica A. Ekena, Legal Assistant

Attorney for Defendant:
SPENCER LEE DANIELS
Attorney at Law
411 Hamilton Boulevard, Suite 1708
Peoria, Illinois 61602
Tel:   (309) 673-1400
Fax:   (309) 673-3960
Email:  danielslaw@sbcglobal.net